JAMES W. CLARK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 16222-92
United States Tax Court
T.C. Memo 1993-107; 1993 Tax Ct. Memo LEXIS 129; 65 T.C.M. (CCH) 2150; March 25, 1993, Filed *129 An order of dismissal for lack of jurisdiction will be entered. James W. Clark, pro se. For respondent: Aretha Jones. DRENNEN
DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack for Jurisdiction, filed August 12, 1992, on the ground that the petition was not timely filed. By notice of deficiency, dated April 10, 1992, respondent determined a deficiency of $ 12,513 in petitioner's 1988 Federal income tax, and an addition to tax of $ 625.65 for negligence or intentional disregard of the rules or regulations pursuant to section 6653(a). On July 15, 1992, a petition was filed seeking a redetermination of petitioner's tax deficiency and addition to tax *130 as reflected on the deficiency notice. Petitioner, James W. Clark, was a resident of Washington, D.C., at the time the petition was filed. It is well settled that in order to maintain an action in this Court there must be both a valid notice of deficiency and a timely filed petition. ; . Section 6212(a) authorizes the Secretary upon the determination of a deficiency in income tax to issue a notice of deficiency by certified or registered mail to the taxpayer at his "last known address". Section 6212(b)(1) provides that the mailing of a notice of deficiency to the taxpayer's "last known address" shall constitute sufficient notice. In effect, the statute provides a safe harbor for respondent under such circumstances. Actual receipt of the notice of deficiency by the taxpayer is not required if it was mailed to the last known address. , affd. on other grounds ; *131 affd., per curiam . Here, respondent mailed a timely notice of deficiency for the year 1988 by certified mail to petitioner at his last known address, 6445 Luzon Avenue, N.W., Washington, D.C. 20012-3026, on April 10, 1992, as shown by the postmark date stamped on respondent's receipt of certified mail. The record shows that petitioner and his wife, Edith Clark, have resided at the 6445 Luzon Avenue, N.W., address since 1969 or 1970. The statutory 90-day period for timely filing a petition with the Court expired on Thursday, July 9, 1992, which date was not a legal holiday in the District of Columbia. See Sec. 6213(a). The petition in this case was filed with the Court on July 15, 1992, which date was 96 days after the mailing of the notice of deficiency. The envelope containing the petition shows a U.S. postmeter date of July 14, 1992. Petitioner contends that he did not actually receive the notice of deficiency until approximately 3 months after it was mailed. However, as indicated above, actual receipt of the notice of deficiency is not required if it was, as here, mailed to the "last known address". In any event, the *132 reasons suggested for the delay in receipt are singularly unconvincing. The omission of the apartment number in the address is an inconsequential error which does not destroy the validity of the notice of deficiency. ; , affd. . Moreover, the U.S. Postal Service letter carrier servicing petitioner's apartment building testified that the absence of the apartment number would not hamper delivery. Petitioner's testimony about the misdirected notice of deficiency after it arrived at the 6445 Luzon Avenue, N.W., address is disjointed and implausible. Vanessa Jackson, the U.S. Postal Service letter carrier, testified convincingly that she followed the proper postal procedures in delivering the certified letter on April 13, 1992, to the designated address and in obtaining a valid signature of receipt from petitioner's spouse, Edith Clark, for the certified letter on Form 3849, which is in evidence. Petitioner's efforts to show irregularities in the delivery of the certified *133 letter and in the signature on Form 3849, as well as his efforts to throw doubts on the authenticity of the signature on the certified letter receipt, are wholly unpersuasive. We conclude that respondent sent the deficiency notice for the taxable year 1988 to petitioner's last known address. Thus, the deficiency notice herein is valid and we so hold. As we have indicated above, the petition was filed on July 15, 1992, 96 days after the deficiency notice was mailed on April 10, 1992. The envelope containing the petition showed a postmeter date of July 14, 1992. The fact that petitioner was bedridden during the period from July 8 to July 14, 1992, cannot be deemed exculpatory under the law as written. Sec. 6213(a), (c). On this record we conclude that the petition was not timely filed within the meaning of sections 6213(a) and 7502(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An order of dismissal for lack of jurisdiction will be entered.